IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CLAYTON YOUNG** and **LOUIS WILLIAMS,** *Individually, and on behalf of themselves of and others similarly situated,* | |
| Plaintiffs, | |
| v. | No._____ |
| **MONITRONICS INTERNATIONAL, INC.** *d/b/a* **BRINKS HOME, BRINKS HOME SECURITY, MONI,** and **MONI SMART SECURITY,** and **MONITRONICS SECURITY LP** | **FLSA Collective Action** <br> **JURY DEMANDED** |
| Defendants. | |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Clayton Young and Louis Williams ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated current and former employees classified as hourly-paid alarm technicians, bring this collective action against Monitronics International, Inc. and Monitronics Security LP ("Defendants") and allege as follows:

**I.     INTRODUCTION**

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages for Plaintiffs and other similarly situated current and former employees were classified as hourly-paid alarm technicians.

2. Plaintiffs allege that they and similarly situated alarm technicians worked "off-the-clock" at the direction and inducement of Defendants. However, Defendants failed to record such "off the clock" compensable time into its time keeping system (or edited such time out of

its time keeping system) in order to save money, stay within or below its projected and budgeted labor cost and increase its profits.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendants in this District at all times relevant to this action. In addition, Defendants regularly conducted and continues to conduct business in this District and has engaged and continues to engage in wrongful conduct alleged herein in this District during all material times to this cause.

## III. CLASS DESCRIPTION

5. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid employees classified by Defendants as hourly-paid alarm technicians and who were employed by Defendants in the United States at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV. PARTIES

6. Defendant, Monitronics International, Inc., is a Delaware Corporation with its principal address located at 1990 Willington Place, Dallas, Texas 75234. Monitronics International, Inc. also does business as Brinks Home, Brinks Home Security, MONI, and MONI Smart Security. Defendant's registered agent for process is: CT Corporation System, 300 Montvue Road, Knoxville, TN 37912 -5546.

7. Defendant, Monitronics Security LP is a Delaware Limited Partnership with its principal address located at 2350 Valley View Lane, Dallas, Texas 75234. Defendant's registered agent for process is: CT Corporation System, 300 Montvue Road, Knoxville, TN 37912 - 5546.

8. Plaintiff, Clayton Young, was employed by Defendants as an hourly-paid alarm technician within this District during the relevant period herein. (Plaintiff Young's Consent to Join this Collective Action is attached hereto as Exhibit A.)

9. Plaintiff, Louis Williams, was employed by Defendants as an hourly-paid alarm technician within this District during the relevant period herein. (Plaintiff Williams' Consent to Join this Collective Action is attached hereto as Exhibit B.)

## V.   ALLEGATIONS

10. Defendants provide home security services for residential customers throughout the United States including Arizona, Georgia, Illinois, Delaware, Florida, Maryland, Ohio, Oklahoma, Michigan, New Jersey, New York, New Mexico, Utah, Rhode Island, Virginia, Tennessee, Mississippi, Arkansas, South Carolina, North Carolina, California, Pennsylvania, West Virginia, and Washington under the brand names, Brinks Home Security and Brinks Home.

11. Defendants have been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

12. Plaintiffs and all other similarly situated persons are current or former hourly-paid alarm technicians (hereinafter "class members") of Defendants and who performed home security services for Defendants throughout the United States during all times relevant to this action.

13. Plaintiff Young performed home security services for Defendants in Tennessee, Mississippi, Arkansas, New York, South Carolina and North Carolina and the hereinafter described "off the clock" and "edited-out" (otherwise known as time shaving) violations by Defendants occurred at such locations.

14. Plaintiff Louis Williams performed home security services for Defendants in Tennessee, Mississippi and Arkansas and the hereinafter described "off the clock" and "edited-out" (otherwise known as time shaving) violations by Defendants occurred at such locations.

15. Defendants employed Plaintiffs and class members and were responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Collective Action Complaint.

16. At all times relevant, Defendants have had a centralized and common plan, policy and practice of establishing and administering pay practices for their employees classified as hourly-paid alarm technicians.

17. Plaintiffs and class members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, performed work duties for Defendants within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

18. At all times relevant, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

19. At all times relevant, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

20. Defendants classified Plaintiffs and class members as hourly-paid alarm technicians.

21. Plaintiffs and class members routinely worked forty (40) or more hours within weekly pay periods for Defendants during all times relevant and material to this action.

22. When the hereinafter-described unpaid "off the clock" and "edited-out/shaved" work time of Plaintiffs and class members is added to their recorded time, they performed work in excess of forty (40) hours per week within weekly pay periods during all times relevant to this action.

23. Defendants employed a centralized electronic time keeping and "GPS" system for tracking and reporting work hours of Plaintiffs and class members, which systems required Plaintiff and class members to "clock-in" at the beginning of their assigned shifts and "clock-out" at the ending of their assigned shifts via a telephone "app".

24. Defendants have had a de facto policy and practice of requiring, inducing, expecting and/or, suffering and permitting, Plaintiffs and class members to work "off the clock" in excess of forty (40) hours per week in order to save money, increase profits and stay within or below their projected and budgeted labor cost for each of their service areas, but either "edited-out/shaved" or "failed to record" all of their "off the clock" work hours as part of their compensable work time.

25. Also, Defendants have had a de facto policy and practice of incentivizing their management members to work Plaintiffs and class members "off the clock" in order to stay within or below the projected and budgeted labor cost for each service area.

26. In turn, Defendants' management members have required, induced, expected, and/or suffered and permitted, Plaintiffs and class members to perform work duties "off the clock" (without compensation for such work) in order to stay within or below their aforementioned projected and budgeted labor cost.

27. At all times relevant, Defendants routinely had work-related equipment and supplies delivered to the residences of Plaintiffs and class members and required them to inventory, log, and then arrange (or rearrange) and load such supplies and equipment into their assigned company vans as their first principal work activity for each of their work days.

28. However, Defendants failed to record the time between such first principal work activity and the beginning of their respective shifts for each such days. Accordingly, Plaintiffs and class members were not compensated for the time between such first principal work activity and the beginning of their respective daily shifts at the applicable FLSA overtime rates of pay.

29. In addition, Plaintiffs and class members only were paid for their work time during their assigned shifts, discounting an "edited-out/deducted" daily meal period of thirty (30) minutes or one (1) hour, irrespective of work performed before the beginning of their shifts or work performed after the ending of their shifts, unless "justified" by management.

30. Defendants refused to "justify" some of their "off-shift" time. As a result, Defendants failed to "edit-in" such "off the clock" time into the time-keeping system as part of the compensable work hours of Plaintiffs and class members.

31. In addition, Plaintiffs and class members have performed work for Defendants within weekly pay periods without being compensated at the applicable FLSA overtime rates of pay, including such "off the clock" and/or "edited-out/shaved" work hours as:

    (a) Picking up and delivering work-related supplies and equipment from different vendors during pre-shift and post-shift hours without being "clocked-in" to Defendants' time keeping system, and without being compensated for such time; and/or,

- (b) Ordering work-related equipment and supplies, attending mandatory meetings with management members and cleaning assigned company vans during pre-shift and post-shift hours, and without being compensated for such time; and/or,

- (c) Processing and submitting post-shift "end-of-day" reports, ordering parts related to job duties, logging inventory, coordinating packaging slips, sending and receiving emails, text messaging and other post-shift communications related to work duties without being "clocked-in" to Defendants' time keeping system, and without being compensated for such time; and/or,

- (d) Finishing and completing assigned work duties for Defendants' customers and educating them on the use of their newly installed alarm system after being "clocked-out" of Defendants' time keeping system, and without being compensated for such work time; and/or,

- (e) Performing other "off the clock" work tasks during "off duty" days without being compensated for such time; and/or,

- (f) Performing job duties during unpaid meal periods, and/or failing to receive relaxed and uninterrupted unpaid 30-minute (or one hour) meal breaks, without being compensated for such time.

32. As a result of such uncompensated "off the clock" and "edited-out/shaved" compensable time, Plaintiffs and class members are entitled to and, seek to recover, from Defendants the applicable FLSA overtime rates of pay hours for all such "off the clock" and "edited-out/shaved" compensable work time suffered during all times relevant and material to this Collective Action.

33. Defendants' time keeping records do not reflect the aforementioned "edited-out/shaved" and "off the clock" hours of Plaintiffs and class members.

34. Plaintiffs' and class members' "off the clock" and "edited-out/shaved" claims are unified through common theories of Defendants' FLSA statutory violations.

35. Defendants were aware of the aforementioned violations of the FLSA because of the "GPS" tracking system, telephone "apps" and daily email and text messaging between management members and Plaintiffs and class members.

36. Significantly, Defendants knew precisely the alarm systems being installed by Plaintiffs and class members each work day and the location of each alarm installation each moment of each work day. Yet, Defendants failed to compensate them for all such work time at the FLSA overtime rates of pay during all times relevant to this action.

37. The net effect of Defendants' aforementioned de facto policy and practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiffs and class members to perform work without receiving all their compensable overtime compensation for such work time is that the aforementioned "off the clock" work time (or work time "edited-out" of its time keeping system) was to save payroll costs and payroll taxes, and stay within or below its projected and budgeted labor cost.

38. As a consequence, Defendants violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiffs and class members.

39. Plaintiffs and class members are entitled and, hereby seek, to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendants for all such unpaid "edited-out/shaved" and "off the clock" compensable time, that is available under the FLSA.

40. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

### VI.   COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

42. The claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

43. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, they believe there are hundreds of individuals in the class.

44. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and class members work or have worked for Defendants during all times material and were subject to the same operational, compensation and time keeping policies and practices, including not being paid for all their aforementioned "edited-out/shaved" and "off the clock" compensable time at the applicable FLSA overtime rates of pay.

45. Plaintiffs and class members also are similarly situated because their "edited-out/shaved" and "off-the-clock" claims are unified through common theories of Defendant's FLSA statutory violations.

46. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

   (a)   Whether Plaintiffs and class members were required, induced or expected to perform work for Defendants without compensation;

   (b)   Whether Defendants suffered and permitted Plaintiffs and class members to perform work without compensation;

   (c)   Whether Defendants failed to pay Plaintiffs and class members all applicable straight time and overtime wages for all hours worked;

   (d)   Whether Defendants failed to pay Plaintiffs and class members all overtime compensation due them for all hours worked in excess of forty (40) hours per week within weekly pay period during all times relevant;

   (e)   Whether Plaintiffs and class members worked over forty (40) hours in weekly pay periods, during relevant times herein, without receiving overtime compensation for such hours.

   (f)   The applicable statutes of limitations for the claims of Plaintiffs and class members;

   (g)   Whether Plaintiffs and class members are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

   (h)   Whether Defendants are liable to Plaintiffs and class members for interest, attorneys' interest, fees, and costs.

47. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

48. The FLSA Collective Action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual

      actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

49. Plaintiffs and class members have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented by Defendants.

**COUNT I**
**FLSA VIOLATIONS – UNPAID OVERTIME COMPENSATION**
**(On Behalf of the Class)**

50. Plaintiffs, on behalf of themselves and class members, repeat and re-allege Paragraphs 1 through 49 above as if they were set forth herein.

51. At all times relevant herein, Defendants have been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant herein, Defendants have employed and/or continue to employ Plaintiffs and class members within the meaning of the FLSA.

53. At all times relevant herein, Defendants have had a de facto policy and practice of willfully failing to pay Plaintiffs and class members appropriate overtime compensation for all of their aforementioned unpaid "edited-out/shaved" and "off the clock" compensable time in excess of forty (40) hours per week within weekly pay periods.

54. During all times relevant, Defendants' de facto policy and practice of willfully failing to pay Plaintiffs and class members one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods has resulted in their claims being unified through common theories of FLSA violations.

55. At all times relevant herein, Defendants have had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and class members for all hours worked over forty (40) within weekly pay periods at the applicable FLSA overtime rates of pay.

56. As a result of Defendants' willful failure to compensate Plaintiffs and class members at a rate of not less than one and one-half times the regular rate of pay for hours in excess of forty (40), within weekly pay periods during all times relevant, it has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

57. Defendants do not have a good faith basis for the aforementioned FLSA violations.

58. Due to Defendants' willful FLSA violations and, lack of a good faith basis for the FLSA violations, Plaintiffs and class members are entitled to recover compensation from Defendants for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendants:

A. An award of compensation for unpaid overtime wages to Plaintiffs and class members at the applicable FLSA overtime rates of pay.

B. An award of liquidated damages to Plaintiffs and class members;

C. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and class members;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and class members;

E.  A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action, and

F.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  April 19, 2022                        Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Named Plaintiffs, on behalf of themselves and all other similarly situated current and former employees*